H. LOSEE, RESPONDENT, v. NELSON McCARTY, AND OTHERS, APPELLANTS.

CORPORATIONS.—WHAT DOMESTIC.—ATTACHMENT.—A corporation organized under the laws of the United States, and doing business in the Territory of Utah, is a domestic corporation of Utah and a writ of attachment issued out of a district court of the said territory, was rightfully served on said corporation in such district.

APPEAL from an order of the district court of the first district, requiring garnishee to pay money into court.

*Mr. P. L. Williams*, for appellants.

The appellant in Idaho territory is like a non-resident of Utah territory: 12 U. S. Statutes at Large, p. 492, section 1; p. 493, section 8; A. & A. on Cor., sec. 164; 92 Am. Dec., 688.

The appellant being a non-resident of Utah, without money in its possession, or to be paid, in Utah, to defendant Ream, would not be subject to garnishment in this case: Drake on Attachment, sec. 474, and notes; *Tingley*

v. *Bateman*, 10 Mass., 343; *Lovejoy* v. *Albee*, 33 Me., 414, (54 Am. Dec., 630); *Sawyer* v. *Thompson*, 24 N. H., 510; *Jones* v. *Winchester*, 6 N. H., 497; *Wheat* v. *Platte City, etc.*, 4 Kan., 370; Wade on Attach., sec. 344.

Even if the appellant were a domestic corporation of Utah, yet it would be exempted from garnishment, having contracted to pay defendant Ream, in Idaho, and the money being there: *Sawyer* v. *Thompson*, 24 N. H., 510; *Wheat* v. *Platte City, etc.;* 4 Kan., 370; Wade on Attach, sec. 413, sec. 344; *Miller* v. *Hooe*, 2 Cranch, C. C., 622; (Wade on Attach., sec. 344); *Lawrence* v. *Smith,* 45 N. H., 533; 50 Am. Rep., 369, 78 Ky., 250.

*Mr. A. R. Heywood,* for respondent.

ZANE, C. J.:

The respondent, H. Losee, commenced this action on the 14th day of September, 1887, in the first district court of Ogden, Utah, against the defendants, Ream and McCarty, and afterwards obtained a judgment against the former for the sum of $497. At the time of commencing this action, the plaintiff also sued out a writ of attachment therein against Ream, that was served upon the Union Pacific Railway Company as garnishee. The company answered that it was indebted to Ream in the sum of $204, but that the indebtedness was contracted in Idaho territory, and that it was not subject to garnishment, therefore, in Utah. It appears from the record that the Union Pacific Railway Company is a corporation under the laws of the United States, and is operating its road and doing business in this territory, where the service of the writ was made on it. It must therefore by this court be regarded as a domestic corporation of Utah: 2 Morawetz Private Corp., sec. 984. Being a domestic corporation of this territory, the writ of attachment issued out of the first district court was rightfully served on it in that district, and the debt was properly garnisheed. The order appealed from is affirmed.

HENDERSON, J., concurred.    BOREMAN, J., dissented.